THE STATE OF OHIO, APPELLEE, *v.* DOLL, APPELLANT.

[Cite as State v. Doll (1970), 24 Ohio St. 2d 130.]

(No. 69-633—Decided December 16, 1970.)

132

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Robert K. Sachs,* for appellee.

*Mr. John A. Lloyd, Jr.,* for appellant.

STERN, J. There are two issues raised by this appeal. The first issue is whether an employee who embezzles from the same employer various sums, the total of which is $18,159.18, within a 15-month period of continuous employment, which period is within three years prior to the inception of prosecution, is guilty of one or several offenses. The other issue is whether the comments and testimony regarding the burned accounts receivable ledger cards were prejudicial to the conviction of the defendant for embezzlement.

Regarding the first issue, R. C. 2907.34 reads, in part:

"Whoever violates this section shall be imprisoned not less than one nor more than ten years *if the total value of the property embezzled in the same continuous employment or term of office, whether embezzled at one time or at different times within three years prior to the inception of the prosecution, is sixty dollars or more.* If such total value is less than sixty dollars, such person shall be fined not more than three hundred dollars or imprisoned not more than ninety days, or both." (Emphasis added.) The portion of that statute emphasized above is unique to Ohio.

The state contends that the penalty provision of R. C. 2907.34 is permissive, authorizing the state to consolidate several transactions occurring within the three-year period specified into one charge or to separate them into several charges. Such an argument, however, ignores the basic objective for which the statutory crime of embezzlement was designed.

As was stated in *Phelps* v. *State* (1923), 25 Ariz. 495, 499, 219 P. 589:

"* * * Under the common-law crime of larceny persons who fraudulently appropriated property which had come into their possession by virtue of a trust or fiduciary relation could not be convicted, because in that offense it was necessary that the taking be unlawful. As a result persons guilty of appropriating the property of another, which had reached them by virtue of the fiduciary relation they sustained toward the owner of that property, escaped punishment, and a desire to reach this class of offenders led to the enactment of a statute making it a

crime to fraudulently appropriate such property. All the states have such statutes, and under them the individual characteristic of the crime is the fiduciary relation of the defendant. * * *"

Ohio has recognized protection of the fiduciary relationship as the basic purpose of the statute. In *State* v. *Baxter* (1914), 89 Ohio St. 269, at 278, this court stated that "* * * the very purpose of the statute [predecessor of R. C. 2907.34] is to deter the tempted fiduciary from a breach of his trust * * *."

R. C. 2907.34 clearly reveals that the General Assembly was cognizant of this purpose. Having breached the fiduciary relationship once, the accused's subsequent peculations during the same continuous employment or term of office are not significant. Therefore, so long as the total value of the property embezzled in the same continuous employment or term of office is sixty dollars or more and the peculations occur within three years prior to the inception of prosecution, the several peculations must be considered as one offense.

To adhere to the state's interpretation would yield too arbitrary a result. Confronted by two convicted defendants each having embezzled six hundred dollars in ten sixty-dollar conversions, the court could force one to serve a term of one-to-ten years, and the other to serve a term of ten-to-one hundred years. Certainly the General Assembly did not intend such a result. Instead, it sought to punish the convicted defendant but once for breach of the fiduciary relationship.

Turning to the second issue raised by the defendant, the state argues that it was proper to introduce the testimony pertaining to the burned accounts receivable ledger cards for the purpose of permitting the jury to infer that the defendant started the fire, and that it was proper for the prosecutor to argue that the jury could infer that the defendant started the fire in order to hide his guilt of embezzlement.

"Evidence is admissible when it is of sufficient force that it logically tends to prove or disprove a fact or issue

necessary to a decision of the particular case, unless such evidence is excluded by a rule of law or policy not primarily concerned with the probative force of evidence." Thomson and Leittem, *Evidence Admissibility—One Simple Test* (1966), 31 Mo. L. Rev. 17.

Although evidence tending to show the commission of another offense by the defendant is admissible to prove motive or intent, the absence of mistake or accident or the defendant's scheme, plan, or system in doing an act (R. C. 2945.59), the testimony in this case regarding the burned records had no probative value on any issue involved. The testimony of Butler and Brandner, both of whom were witnesses for the state, has been stated above. What is most striking, however, is what their testimony did not reveal in establishing the state's case against Doll. Was arson committed, or was the fire started by accident? Who started the fire? Who had access to the vault and filing cabinets? When did the fire occur? When were the discrepancies in the accounts revealed to the defendant, before or after the fire? No probative force being found in the testimony presented regarding the burned records, this court holds that the objections to the admission of such evidence pertaining to such burned records should have been sustained.

Three days were consumed between the beginning of the opening argument and the time when the jury retired. Comments and testimony on this evidence were presented in the prosecutor's opening argument and Butler's testimony on the morning of the first day, in Brandner's testimony at the beginning of the second day, and in closing arguments on the morning of the third day. Moreover, Brandner was called solely for the purpose of establishing that there had been a fire.

Having considered the combined effect of the inflammatory testimony and remarks suggesting that the defendant might have committed arson and the manner in which the matter was presented to the jury at salient points throughout the trial, this court concludes that the defendant was prejudiced by the remarks and testimony pertain-

ing to the burned records. Consequently, this court holds that the motion for a new trial, as well as the motion for reconsideration of the sentence, was improperly denied. Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

O'NEILL, C. J., and LEACH, J., dissent.

LEACH, J., dissenting. As to the first issue raised by this appeal, I am in agreement with the majority that the several peculations herein must be considered as one offense. My conclusion, however, is not based upon consideration of the "purpose" of the statute, but on the unambiguous language of the statute itself. The statute authorizes, but by its literal language *also limits,* the penalty to "not less than one nor more than ten years if the total value of the property embezzled in the same continuous employment or term of office, whether embezzled at one time or at different times within three years prior to the inception of the prosecution, is sixty dollars or more."

I also am in agreement with the principles of law set out in paragraph three of the syllabus.

I disagree, however, as to the application of those principles to the facts of this case. I would agree that the evidence as to the fire would not have justified a conviction of arson by the defendant, lacking as it does proof *beyond a reasonable doubt* of that particular crime. However, I cannot conclude that this evidence had "no probative value" on the issue of guilt as to the embezzlement. In this connection, it is not unimportant that the fire was not of a general nature but was attempted to be set in the vault and in the filing cabinets where the accounts receivable ledger cards were kept. Nor is it unimportant that the jury would be warranted in concluding that defendant knew that the audit, then in progress, would reveal his embezzlement, and that defendant was still on the premises when others had left on the Saturday in question.

If, as I conclude, such evidence would permit reasonable minds to connect defendant with the attempt to burn the records, it obviously had probative value as an attempted concealment of the crime of embezzlement. If reasonable minds could not so conclude, the evidence would have no probative value tending to prove or disprove any crime by defendant. In such event, I fail to comprehend its *prejudicial* or *inflammatory* effect.

Ordinarily, it is the function of the Court of Appeals, but not this court, to weigh the evidence. In performing this function, the Court of Appeals stated in its opinion:

"We fail to see how the introduction of evidence that a fire occurred, and that certain records were partially destroyed, was, in any way, prejudicial to defendant, where the evidence shows that, preceding the fire, proof of defendant's guilt overwhelms all doubt and excludes every reasonable hypothesis except that of defendant's guilt. (See: Section 2945.83, Revised Code.)"

For the foregoing reasons, I would reduce the penalty here imposed to a single sentence for one offense of not less than one nor more than ten years, but would not remand for new trial.

O'NEILL, C. J., concurs in the foregoing dissenting opinion.