THE STATE OF OHIO, APPELLEE, *v.* ROYSTER, APPELLANT.

---

(No. 81AP-601—Decided March 25, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Mr. Myron Shwartz,* for appellant.

NORRIS, J. Petitioner James Royster appeals from a judgment of the Court of Common Pleas of Franklin County denying his petition for postconviction relief sought pursuant to R.C. 2953.21.

In 1974, petitioner was indicted for two counts of aggravated murder involving the same victim, one count under R.C. 2903.01(A) (prior calculation and design), and the second count under R.C. 2903.01(B) (felony murder, the underlying felonies being kidnapping, rape, and aggravated robbery). He was also indicted for the underlying felonies of kidnapping, rape, and aggravated robbery, as separate offenses, as well as for grand theft (counts three through six).

The jury found petitioner guilty on all six counts, but found him not guilty of capital punishment specifications on count one, although it did find him guilty of death penalty specifications on count two. In sentencing petitioner, the trial court terminated the conviction on count one, due to the application of R.C. 2941.25, and also terminated the grand theft conviction without sentence.

The trial judge sentenced petitioner to death on count two, and levied consecutive sentences on each of the remaining counts. The death penalty was subsequently vacated by the Ohio Supreme Court.

Petitioner's grounds for relief are stated in his Memorandum in Support of Jurisdiction on Appeal, submitted *pro se:*

"Defense attorney substantially denied petitioner effective assistance when he failed to challenge the consecutive prison terms imposed upon petitioner in the above captioned case, when such prison terms were contrary to section 2941.25(A), O.R.C., and in violation of petitioner's double jeopardy protection afforded under the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."

A claim of ineffective counsel amounts to a claimed constitutional violation giving rise to statutory postconviction relief, but petitioner has the burden of demonstrating lack of competent counsel and that his defense was prejudiced by counsel's ineffectiveness. *State* v. *Jackson* (1980), 64 Ohio St. 2d 107 [18 O.O.3d 348]. Obviously, if the trial court's sentencing was proper, then petitioner cannot prevail since his cause was not prejudiced by the failure of counsel to challenge the sentences.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against a second prosecution for the same offense after acquittal; it protects against a second prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. *North Carolina* v. *Pearce* (1969), 395 U.S. 711.

Until recently, the test which usually was pointed to by federal courts for determining whether two offenses are sufficiently distinguishable to permit the imposition of multiple or cumulative punishment, was the one promulgated by the United States Supreme Court in *Blockburger* v. *United States* (1932), 284 U.S. 299, at 304:

"* * * where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

If the *Blockburger* test is applied to a charge for felony murder and a separate

charge for the underlying felony, it is apparent that the statute defining the underlying felony does not require proof of any facts not required to be proved by the felony murder statute. It would therefore appear that felony murder and the underlying felony constitute the same offense within the meaning of the Double Jeopardy Clause, and that multiple punishments would be prohibited. See *Harris* v. *Oklahoma* (1977), 433 U.S. 682 and *Brown* v. *Ohio* (1977), 432 U.S. 161.

Although it appeared to many that the United States Supreme Court had settled on that approach in defining the application of the Double Jeopardy Clause under these circumstances, recent decisions from that court indicate a different approach. For example, in *Albernaz* v. *United States* (1981), 450 U.S. 333, the majority of the court implied that where it is clear that the legislative branch intends the imposition of multiple punishments, then imposition of multiple sentences where a defendant is convicted at a single criminal trial of two offenses, which would constitute only a single offense under the *Blockburger* test, does not violate the Double Jeopardy Clause. Thus, if we are to follow the approach of the *Albernaz* case, our determination of whether a double jeopardy violation exists would turn on whether any expression of legislative intent can be found in R.C. 2941.25.

However, until recently our Supreme Court had not embraced the legislative intent test suggested by the *Albernaz* case. Instead, it had adopted the *Blockburger* test for identifying the protections afforded by the Double Jeopardy Clauses of the United States and Ohio Constitutions against multiple punishments for the same offense, without reference to a consideration of legislative intent. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262]; *State* v. *Harris* (1979), 58 Ohio St. 2d 257 [12 O.O.3d 265]. In *State* v. *Harris,* Harris had been indicted for, and in the same criminal trial convicted

of, both robbery and grand theft, and was sentenced to consecutive terms of incarceration on the two convictions. The Supreme Court vacated his sentence on the grand theft conviction on the basis that the grand theft offense did not require proof of any element not required to be proved for the robbery offense, and that both were therefore the same offense for purpose of the Double Jeopardy Clause which the court said prohibits multiple punishments for the same offense, citing *North Carolina* v. *Pearce, supra.*

But then, on March 3, 1982, the Supreme Court in *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447], overturned our unreported decision which was rendered on January 29, 1981 (*State* v. *Moss,* No. 80AP-482), in which we had relied upon the Supreme Court's opinions in *State* v. *Thomas, supra,* and *State* v. *Harris, supra.* While the Supreme Court's decision in *Moss* does not mention, overrule, or distinguish either *Thomas* or *Harris,* it is nevertheless clear that the Supreme Court, under the circumstances present in this case, has abandoned the *Blockburger* test, and opted for the *Albernaz* approach.

Moss had been convicted of both aggravated murder (felony murder) and the underlying felony of aggravated burglary, and was sentenced on both convictions. On appeal, we reversed, holding that the multiple convictions violated the Double Jeopardy Clause. The Supreme Court, in reversing our decision, held in *State* v. *Moss,* 69 Ohio St. 2d 515 [23 O.O.3d 447], syllabus, that:

"1. In determining the constitutionality of the trial court's imposition in a single criminal proceeding of consecutive sentences, appellate review is limited to ensuring that the trial court did not exceed the sentencing authority which the General Assembly granted it. (*Albernaz* v. *United States,* 450 U.S. 333; *Whalen* v. *United States,* 445 U.S. 684; *Brown* v.

*Ohio,* 432 U.S. 161, approved and followed.)

"2. Aggravated murder, as defined by R.C. 2903.01(B), is not an 'allied offense of similar import' to aggravated burglary, as defined by R.C. 2911.11(A)(1), for purposes of application of R.C. 2941.25(A).

"3. The *Blockburger* test is a rule of statutory construction that is inapplicable where the intent of the General Assembly is manifest. (*Albernaz* v. *United States,* 450 U.S. 333; *Iannelli* v. *United States,* 420 U.S. 770, approved and followed.)

"4. The *Blockburger* test is not to be used alone to ascertain legislative intent, but is to be utilized in conjunction with other tests employed for purposes of statutory construction."

Because the question raised in this appeal is the same as the one raised and resolved by the Supreme Court in *Moss,* on the authority of the Supreme Court's opinion in that case, we overrule defendant's assignment of error, and affirm the judgment of the trial court.

*Judgment affirmed.*

WHITESIDE, P.J., and REILLY, J., concur.