THE STATE OF OHIO, APPELLEE, *v.* KONICEK, APPELLANT.

(No. 47350—Decided April 9, 1984.)

Mr. *John T. Corrigan,* prosecuting attorney, for appellee.

Mr. *Bruce L. Greenberger* and Mr. *Daniel T. Todt,* for appellant.

MARKUS, J. Defendant appeals from the denial of his motion to dismiss his aggravated vehicular homicide charge on double jeopardy grounds. He argues that his previous conviction for driving while intoxicated constituted a lesser included offense for the same conduct, and it barred this prosecution. That contention lacks merit, so we affirm.

On November 11, 1981, defendant drove his car into a collision with the victim's car. The police charged him with driving left of center (R.C. 4511.35) and driving while intoxicated (R.C. 4511.19). After originally pleading not guilty and later waiving his right to a speedy trial, defendant ultimately pled no contest to both of those offenses. The municipal court accepted that plea, found him guilty, and sentenced him to six months in jail and a $1,000 fine on June 2, 1982.

The victim was seriously injured in the collision. He died on January 2, 1983, and the state claims his death resulted from injuries he sustained in that collision. The grand jury indicted defendant for aggravated vehicular homicide (R.C. 2903.06) on February 24, 1983. Defendant subsequently moved the common pleas court to dismiss that charge as barred by his previous municipal court conviction, and the court denied that motion.

Defendant's sole assignment of error claims:

"The trial court erred in overruling defendant-appellant's motion to dismiss the indictment pursuant to the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution when: the defendant-appellant had been convicted of driving while intoxicated; the defendant-appellant had waived all right to a speedy trial at the time of said prosecution; the prosecutor was not reasonably diligent in determining if the victim had died; and punishment of the driving while intoxicated charge and every element of driving while intoxicated is contained in aggravated vehicular homicide."

The double jeopardy prohibitions in the federal Constitution apply equally to state prosecutions. *Benton* v. *Maryland* (1969), 395 U.S. 784; *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 717. Ohio courts have treated the comparable provision in Section 10, Article I, of the

Ohio Constitution as having the same effect. See, *e.g., State* v. *Moss* (1982), 69 Ohio St. 2d 515, 517 [23 O.O.3d 447]; *State* v. *Royster* (1982), 3 Ohio App. 3d 442, 443.

Ordinarily, these constitutional restrictions prevent multiple prosecutions for the same conduct. *North Carolina* v. *Pearce, supra,* at 717. Conviction for a lesser included offense usually precludes later prosecution for a greater offense involving the same conduct. For that analysis, every element of the lesser offense must be proved to establish the greater offense. *Blockburger* v. *United States* (1932), 284 U.S. 299, 304; *Brown* v. *Ohio* (1977), 432 U.S. 161, 166; *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 384 [18 O.O.3d 528]. If the state can prove the greater offense without proving the lesser offense, conviction for the lesser offense does not bar prosecution for the greater offense. *Illinois* v. *Vitale* (1980), 447 U.S. 410, 416-421.

Defendant cites an earlier ruling by this court that driving while intoxicated is a lesser included offense of aggravated vehicular homicide for double jeopardy purposes. *State* v. *Crowell* (March 19, 1981), Cuyahoga App. No. 42457, unreported. The Tenth Appellate District has apparently reached the opposite conclusion. *State* v. *Long* (1983), 7 Ohio App. 3d 248. The state argues that *Crowell* did not take into account the recent ruling in *Illinois* v. *Vitale, supra,* so it should no longer control.

We need not determine whether to follow *Crowell,* since its circumstances differ markedly from this case. In *Crowell,* the defendant had been acquitted of driving while intoxicated but convicted for reckless driving. Unless the reckless driving charge derived from different conduct than the *simultaneous* aggravated vehicular homicide charge, that lesser conviction precluded prosecution for the greater offense. *Illinois* v. *Vitale, supra.* R.C. 2903.06 defines aggravated vehicular homicide:

"(A) No person, while operating or participating in the operation of a motor vehicle * * * shall recklessly cause the death of another."

Thus, Crowell's acquittal for driving while intoxicated may not have been necessary to bar his prosecution for aggravated vehicular homicide.

More significantly, *Crowell* involved sequential prosecutions after simultaneous charges for the lesser offenses and the greater offense. The victim in *Crowell* was dead when the police charged the defendant with all three offenses. In the present case, the alleged victim died almost fourteen months after defendant's allegedly reckless conduct. His death occurred seven months after the prosecution for the lesser offense had concluded.

The double jeopardy prohibition recognizes an exception. If all elements of the greater offense have not occurred when the state concludes prosecution for an included offense, the greater offense is not thereby barred. *Diaz* v. *United States* (1912), 223 U.S. 442, 449; *Brown* v. *Ohio, supra,* at 169, fn. 7; *Illinois* v. *Vitale, supra,* at 420, fn. 8. In this case, the alleged victim had not died when the lesser offense prosecution was concluded. The victim's death is an essential element of the greater offense. Cf. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262], paragraph five of the syllabus.

Defendant argues that the state could have anticipated the victim's possible death by the exercise of reasonable diligence. He notes that his speedy trial waiver afforded the state an opportunity to delay its decision about completing the prosecution for the lesser offense. Therefore, defendant contends that the state chose to complete the prosecution for the lesser offense before exhausting diligent efforts to evaluate the victim's potential survival.

Without deciding whether the

state's ability to anticipate events obviates the described double jeopardy exception, we find it inapplicable here. The state had no duty to anticipate the victim's death long after the collision, particularly when it actually occurred seven months after defendant's original conviction. The prosecution may have a duty to investigate its claims diligently, but that responsibility does not prevent reasonable dispatch of existing prosecutions. Nor does it include anticipatory speculation.

Defendant's assigned error is overruled. The trial court's judgment is affirmed.

*Judgment affirmed.*

CORRIGAN, J., concurs.

DAY, C.J., concurs in judgment only.