**The STATE of Ohio, Appellant,**

**v.**

**GRAOR, Appellee.**

[Cite as *State v. Graor* (1998), 126 Ohio App.3d 488.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71735.

Decided March 2, 1998.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Carmen M. Marino* and *L. Christopher Frey*, Assistant Prosecuting Attorneys, for appellant.

*Berkman, Gordon, Murray & DeVan, J. Michael Murray* and *Lorraine R. Baumgardner*, for appellee.

James D. Sweeney, Judge.

Plaintiff-appellant state of Ohio appeals from the November 14, 1996 dismissal of two counts of theft (R.C. 2913.02) against defendant-appellee Robert A. Graor on the basis of the following: (1) double jeopardy provisions included in the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution and (2) the application of R.C. 2913.61(C). For the reasons adduced below, we affirm.

In its opinion and judgment entry relative to the dismissal, the trial court provided the background of the case. Although somewhat lengthy for appellate purposes, it is a fair representation of the facts and, rather than recreate the factual tapestry anew, will now be used in pertinent part to give the reader a sense of the case:

"Defendant, Robert Graor, was a physician employed by the Cleveland Clinic Foundation. On December 12, 1994 Dr. Graor entered into a plea agreement with the State of Ohio in which he agreed to plead guilty to ten counts of theft, five of which were felonies of the second degree.[1] The plea agreement provided that the sentence would be a definite term of one year each on counts 1, 2, and 3 to be served consecutively, and one year for counts 4 and 5 which were to run concurrently with the three years for counts 1, 2, and 3.

"In exchange for a guilty plea to Counts 6, 7, 8, 9, and 10 the defendant was to receive a suspended 2 to 15 year sentence to run concurrently. As a result of the agreed sentence the defendant received a definite sentence of three years

1. See Cuyahoga County Common Pleas Court case No. CR-317568.

incarceration. The defendant entered guilty pleas to the ten count bill of information and received the agreed upon sentence[2] from Judge Sweeney of this Court.

"The agreement also provides that certain restitution would be made to the Cleveland Clinic in an amount that was contained in a private agreement between the defendant and the Cleveland Clinic Foundation.[3] This agreement was later apparently amended by a new confidential settlement agreement dated August 10, 1995. This confidential agreement is now Exhibit G in the Court file. The State of Ohio was not a party and did not participate in the negotiation and drafting of the two private agreements.

"In the plea agreement entered into by Graor and the State of Ohio the defendant agreed to the following terms in paragraph 5, 'Under no circumstances shall the Defendant be eligible for shock probation or parole.'

"Approximately four to five months after the defendant had been incarcerated, the First Assistant Prosecutor of Cuyahoga County[4] was approached by Daniel Evans,[5] a successful business person who had been a patient of Dr. Graor's on previous occasions. Mr. Evans lobbied the First Assistant for support of an early parole for Dr. Graor. The First Assistant Prosecutor indicated to Mr. Evans that he opposed any early release and would fight any effort to free Dr. Graor earlier than the termination of his three year sentence.

"The evidence adduced in this hearing establishes that the State of Ohio wrote a letter to the parole board on April 12, 1995 indicating strong opposition to the early release of Dr. Graor. The Cleveland Clinic Foundation, the victim of this crime, supported the early release of Dr. Graor and pursuant to its confidential agreement of August 10 with Dr. Graor had its outside legal counsel write a letter of support to the Parole Board. This letter directly contradicts an earlier letter (Exhibit 19) that sought a stiff sentence for Dr. Graor.

"The Parole Board initially rejected the attempts by Mr. Evans and Dr. Graor for shock parole. However the Parole Board reconsidered its denial and released

2. Dr. Graor began serving his sentence on January 2, 1995.

3. The restitution amount agreed upon between Dr. Graor and the Cleveland Clinic Foundation was $1,600,000.

4. The first assistant prosecutor of this county is counsel for appellant, attorney Carmen Marino.

5. Daniel Evans is the son of the Rio Grande, Ohio founder of a successful manufacturer of pork sausage and multistate franchisor of restaurants under the trade name "Bob Evans."

Dr. Graor without any notice to the Cuyahoga County Prosecutor in December of 1995.[6]

"On December 12, 1995 the First Assistant Prosecutor wrote a very strongly worded condemnation of the Parole Board action and vowed to overturn the decision.

"In February or March of 1996 the prosecutor's Office contacted Sue Ellen Oswald, an attorney who investigated the Graor theft on behalf of the Cleveland Clinic and sought additional information for a possible additional indictment of the defendant. She provided the prosecutor's office with information that ultimately resulted in the indictment of the defendant for the charges he faces today.

"The Cuyahoga County Prosecutor has not taken any legal action against the Ohio Parole Board whom they claim illegally released Dr. Graor; nor have they sought recission of the plea bargain in the prior case." (Footnotes added.)

The record further demonstrates that the theft/embezzlement offenses in the prior case which resulted in the plea bargain occurred during the period of July 13, 1993 to September 14, 1994 and involved $1,066,719. These prior thefts by Dr. Graor from the Cleveland Clinic Foundation involved "a series of fictitious requests for reimbursement and the diversion of money from certain research grants."

The indictments in the case *sub judice* allege theft from the Cleveland Clinic Foundation, in amounts exceeding $5,000, which occurred on March 29 and September 13, 1993. At the evidentiary hearing held with respect to the motion, the prosecution alleged that Dr. Graor had stolen the proceeds of two checks (in the amounts of $47,325 and $21,455, respectively) sent from Genentech, a pharmaceutical company, to the Cleveland Clinic Foundation as payment for a research study[7] which Dr. Graor had worked on, depositing these two checks in his personal business account and then converting these monies to his own use. The state admitted that as part of the plea agreement in the prior case they agreed to forgo pursuit of a second million dollars of suspected theft proceeds from the Stile Study finances. The state argued that the theft of these two checks was unknown to the prosecution at the time of the plea agreement in the prior case and only reported by attorney Oswald[8] to the prosecutor after Dr.

---

6. Dr. Graor was paroled from prison on October 18, 1995, approximately nine-and-one-half months after being incarcerated.

7. Specifically, the "Stile Study."

8. Attorney Oswald, who was employed by the Cleveland Clinic Foundation to investigate the claims against Dr. Graor which would later form the charges in the prior case, testified for the prosecution at the motion hearing.

Graor had been released from prison; it is therefore argued that despite the alleged theft of the proceeds of the two checks, that they are separate and distinct offenses from the approximately two million dollars in thefts which were the subject of the prior case and plea agreement thereby precluding the application of double jeopardy.

The state presents one assignment of error:

"Multiple prosecutions of a defendant for violations of R.C. 2913.02 (theft), wherein separate theft offenses were committed by the defendant during his employment with the victim, are not precluded by R.C. 2913.61 (value of stolen property), and do not violate the double jeopardy provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution. R.C. 2913.61 cannot be used to preclude multiple prosecution of theft offenses; it only allows the aggregation of amounts stolen for sentencing purposes."

General considerations regarding the concept of double jeopardy were recently stated in *State v. Gustafson* (1996), 76 Ohio St.3d 425, 432, 668 N.E.2d 435, 441:

"The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that '[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb,' and is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland* (1969), 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707; *State v. Tolbert* (1991), 60 Ohio St.3d 89, 90, 573 N.E.2d 617, 619. Similarly, Section 10, Article I of the Ohio Constitution provides that '[n]o person shall be twice put in jeopardy for the same offense.' Ohio courts have historically treated the protections afforded by the Double Jeopardy Clauses of the Ohio Constitution and the United States Constitution as coextensive. See *State v. Konicek* (1984), 16 Ohio App.3d 17, 17–18, 16 OBR 18, 18–19, 474 N.E.2d 363, 364; *State v. Moss* (1982), 69 Ohio St.2d 515, 517, 23 O.O.3d 447, 448, 433 N.E.2d 181, 184; *State v. Royster* (1982), 3 Ohio App.3d 442, 443, 3 OBR 521, 522, 446 N.E.2d 190, 192. We therefore proceed based on the premise that the Double Jeopardy Clause of each Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *United States v. Halper* (1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496, citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, [664]–665."

In discussing the requirements for a plea of former jeopardy, this court stated:

"To sustain a plea of former jeopardy, it must appear: (1) that there was a former prosecution in the same state for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical

in the two prosecutions; and (4) that the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar." *Cleveland v. Fogos* (1995), 103 Ohio App.3d 39, 43, 658 N.E.2d 789, 791, citing *State v. Best* (1975), 42 Ohio St.2d 530, 71 O.O.2d 517, 330 N.E.2d 421, paragraph two of the syllabus.

In the case *sub judice,* the core issue is whether the two new offenses are separate and independent from the prior offenses which were the subject matter of the plea agreement. The answer to this question involves the application of R.C. 2913.61(C). The parties' positions relative to the application of R.C. 2913.61(C) are, without surprise, in opposition, with the state arguing for the non-application of the statute and the appellee arguing for its vitality. R.C. 2913.61(C) provides:

"(C) When a *series of offenses* under section 2913.02 of the Revised Code is committed by the offender in the offender's *employment,* capacity or relationship to another, *all such offenses shall be tried as a single offense,* and the value of the property or services involved for the purpose of determining the value as required by division (A) of this section, is the *aggregate value of all property and services involved in all offenses in the series.* In prosecuting a single offense under this division, it is not necessary to separately allege and prove each offense in the series. It is sufficient to allege and prove that the offender, within a given span of time, committed one or more theft offenses in the offender's same employment, capacity, or relationship to another." (Emphasis added.)

This court had cause to apply R.C. 2913.61(C) to a case involving embezzlement in *State v. Weaver* (Aug. 16, 1990), Cuyahoga App. No. 58114, unreported, 1990 WL 118347, wherein the court determined that where an employee commits a series of theft offenses from his employer over a span of time, the offenses be treated as one offense and the value of all the stolen property be aggregated. See, also, *State v. Doll* (1970), 24 Ohio St.2d 130, 53 O.O.2d 324, 265 N.E.2d 279; Committee Comments to R.C. 2913.61(C).

The record clearly indicates that Dr. Graor embezzled money from his employer in the prior case and is alleged to have done so in the present case. The prior and present offenses all concern research monies paid by Genentech to the Cleveland Clinic Foundation for the Stile Study that was being conducted by Dr. Graor. The prior and present offenses all concern the embezzlement of the research funds by Dr. Graor from the same bank account. It is manifest, then, that the present two offenses were part and parcel of the same embezzlement scheme as the prior offenses which were the subject of the plea agreement and cannot now be brought as separate offenses *seriatim:* the value of the embezzlement must be aggregated and treated as one offense. See *Doll, supra;* R.C. 2913.02 and 2913.61(C). Thus, having been put in jeopardy once for the embezzle-

ment at issue, the continued prosecution in the case *sub judice* was properly dismissed by the trial court due to double jeopardy.

Assignment overruled.

*Judgment affirmed.*

DYKE, P.J., and KARPINSKI, J., concur.