THE STATE OF OHIO, APPELLEE, *v.* SAVAGE, APPELLANT.

(No. 79-23—Decided December 22, 1980.)

*Mr. Richard E. Bridwell,* prosecuting attorney, for appellee.

*Messrs. Levion, Richardson & Fleegle* and *Mr. Warren B. Richardson,* for appellant.

PUTMAN, P.J. The defendant-appellant, Robert M. Savage, does not contest the sufficiency of the evidence which led to his conviction and concurrent sentences on two counts of trafficking in marijuana, resulting from two buys on two separate days one month apart.

## I.

The first assignment of error is that because a police informant bought the marijuana from him, appellant was "entrapped"; and, therefore, his rights to due process of law have been violated.

Upon careful consideration of the evidence in this case, we find, as a matter of law, that there was no entrapment.

## II.

The second assignment of error claims error in the following jury instruction given by the trial court:

"The claim of unlawful entrapment is not an affirmative defense. It is a denial of criminal purpose as a result of special facts or circumstances."

The appellant relies upon the cases of *State* v. *Hsie* (1973), 36 Ohio App. 2d 99 [65 O.O. 2d 99], and *State* v. *Humphries* (1977), 51 Ohio St. 2d 95 [5 O.O. 3d 89].

*State* v. *Humphries, supra,* does not deal with the defense of entrapment.

The case of *State* v. *Hsie, supra,* does contain an analysis of the defense of entrapment which recites, among other things, that the defense is "***in the nature of a confession and avoidance ***", *id.,* at 102.

We have no disagreement with the correctness of the decision in *State* v. *Hsie, supra,* on the facts of that case. In *Hsie,* the court concluded that the error in the charge to the jury was not prejudicial because it placed additional burdens on the state.

Likewise, in the case *sub judice* the charge placed additional burdens on the state.

Separately from the instruction problem, another erroneous ruling by the court benefited the defense and prejudiced the state. The trial court refused to allow the state to show *in rebuttal* other crimes or "other acts" of the accused. In so doing, the trial court erroneously cited our reversal in *State* v. *Smith* (1977), 59 Ohio App. 2d 194 [13 O.O. 3d 213] (a case dealing with the use by the state, in its *case in chief*, of other acts allegedly committed by the accused) to prevent the state, on rebuttal, after the defense of entrapment had been raised, from showing the predisposition of the accused to commit the crime.

*State* v. *Smith, supra,* at pages 197 to 203, clearly states that the rule applies only to the use by the state of "other acts" of the accused *in the state's case in chief.* Cases where the defense of entrapment is raised and actively pursued by the defendant in his defense case are a "horse of a different color." Where a defendant, after the state has rested its case in chief, affirmatively pursues the defense of entrapment he concedes that he committed the crime and puts in issue whether he had a predisposition to commit the crime. Absent predisposition on the part of the accused, government misconduct may become a defense because of policy considerations.[1]

A long line of cases explains when and why the state is not allowed to show "mere predisposition" of the accused to commit the crime in its *case in chief* to persuade the jury of th. guilt of the accused.

In sharp contrast is the situation which obtains in the case where the defendant elects to interpose the defense of entrapment. There he admits he has committed the crime and claims he would not have done so had he not been "entrapped." In such a case, he asserts the absence of predisposition on his part. Absence of "predisposition" on the part of the accused is *the principal element* of the entrapment defense. *United States* v. *Russell* (1973), 411 U.S. 423, 433. In such a case, the defendant waives his right to prohibit the state from showing his "predisposition" and makes predisposition relevant for the state to show on *rebuttal.*[2]

The exclusion of predisposition evidence from the state's rebuttal erroneously prejudiced the state but served to cure any possible prejudice to the accused from other errors which might be assumed, *arguendo,* to exist. We find none.

---

[1] See the discussion of the development of the Ohio entrapment defense in *State* v. *Good* (1960), 110 Ohio App. 415, at 427 [11 O.O. 2d 459], citing Williams, The Defense of Entrapment and Related Problems in Criminal Prosecution, 28 Fordham L. Rev. 399, 400-401, quoting Judge Learned Hand on " 'an existing course of *similar* criminal conduct' " (emphasis added) and " 'ready complaisance.' "

See, also, the American Law Institute Model Penal Code (1962 Ed.) on entrapment (Section 2.13[1][b], at page 43), prohibiting the government from "employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons *other than those who are ready to commit it*" (emphasis added).

[2] See *Sherman* v. *United States* (1958), 356 U.S. 369, at 372-373 declaring:

"***To determine whether entrapment has been established,***at trial the accused may examine the conduct of the government agent; and on the other hand, the accused will be subjected to an 'appropriate and searching inquiry into his own conduct and predisposition' as bearing on his claim of innocence. See 287 U.S. [*infra*], at 451."

"***The predisposition and criminal design of the defendant are relevant***and if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue.***" *Sorrells* v. *United States* (1932), 287 U.S. 435, at 451.

### III.

Moving now to the third assignment of error which finds error in the introduction of evidence derived from electronic surveillance by law enforcement officials, this assignment of error is overruled because there was no pretrial motion to suppress.

Absent a pretrial motion to suppress, objections to evidence on constitutional grounds are waived. See Crim. R. 12(B)(3) and (G). The state has a right of appeal from adverse rulings upon motions to suppress under Crim. R. 12(J) and that is the reason why there is a waiver, absent a pretrial motion to suppress under Crim. R. 12(B)(3).

For the foregoing reasons all three assigned errors are overruled. The judgment of the Court of Common Pleas of Muskingum County is affirmed.

*Judgment affirmed.*

RUTHERFORD and MCKEE, JJ., concur.