CITY OF COLUMBUS, APPELLEE, *v.* CORNE, APPELLANT.

(No. 82AP-177—Decided
September 28, 1982.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. Lou Friscoe,* for appellant.

NORRIS, J. Defendant appeals from her conviction for engaging in prostitution, following a trial by jury in the Franklin County Municipal Court.

According to testimony of the city's witnesses, defendant and Geraldine Mayhorn, who later proved to be a police informant, met two police vice squad officers at a downtown hotel and accompanied them to adjoining hotel rooms. While Mayhorn and one police officer remained in one room, defendant and the other officer went into the adjoining room where defendant accepted $100 for performing a sex act. During the city's case-in-chief, the trial court permitted the city to introduce a tape recorded interview in which defendant described her employment in a "massage parlor" where employees performed sex acts for customers.

Defendant testified that she had performed the sex act in the hotel room for money, but asserted that she had been induced to do so initially by Mayhorn and then by the police officer. On direct examination, her attorney asked her:

"Why did you engage in sex for hire on the 16th of October at the Holiday Inn?"

She responded:

"I didn't want to at first, but Geraldine had been a friend of mine for three years and I wanted to help her, plus I didn't have any money at all and I have to pay child support, at the time I did, and I didn't have any money."

On cross-examination, after defendant had said that she had learned on the way to the hotel room that she was expected to perform a sex act, and didn't want to do so, this interchange took place:

"Q. You didn't want to do it? Why didn't you walk away at this point and say, 'I am here just for partying' and that's all that it was for?

"A. Because I did not have a car of my own, and I knew that Geraldine wouldn't turn around and walk out, and I needed the money.

"Q. So you wanted to stay with Geraldine; is that right?

"A. Right.

"Q. And you needed the money?

"A. (Witness nods.)"

Defendant's Assignment of Error No. 2 reads:

"The trial court erred in permitting the prosecution, over defense objections, to introduce certain recorded statements of defendant into evidence as part of its case in chief."

It is well-settled that it is error to permit the introduction of "other acts" evidence which shows commission of another crime during the prosecution's case-in-chief in an effort to show the defendant's predisposition to commit the crime charged where the evidence of other acts does not tend to show one of the matters enumerated in Ohio's "similar acts" statute, R.C. 2945.59. *State v. Smith* (1977), 59 Ohio App. 2d 194 [13 O.O.3d 213]. But, after the prosecution has rested its case and the defense of entrapment is raised and pursued by the accused, then, the prosecution may in-

troduce rebuttal evidence in an effort to show the accused's predisposition to commit the crime, since by pursuing the defense of entrapment, the accused asserted the absence of a predisposition on his part, thus placing predisposition at issue as the principal element of the entrapment defense. *State* v. *Savage* (1980), 1 Ohio App. 3d 13.

Nor was the tape recorded conversation admissible under the "similar acts" statute (R.C. 2945.59) as urged by the city. The evidence was not directed at showing defendant's motive or intent, the absence of mistake or accident on her part, or her plan in committing the acts in question in this charge. Instead, the evidence was intended to negate a defense of which the jury was not to be made aware until the defendant's case.

However, we are unable to say that the trial court's error was prejudicial to defendant's cause. Because defendant's evidence did assert the defense of entrapment, the evidence would have been admissible on behalf of the state in rebuttal of the defendant's evidence. Because defendant admitted conduct which normally would constitute the offense of prostitution, there was no reasonable possibility that the trial court's having admitted the evidence out of order in the trial contributed to defendant's conviction; the only possible question before the trier of the facts was the presence or absence of a predisposition on the part of defendant to engage in the illegal acts charged.

The second assignment of error is overruled.

The judgment of the trial court is sustained.

*Judgment affirmed.*

WHITESIDE, P.J., and COLE, J., concur.

COLE, J., of the Third Appellate District, sitting by assignment in the Tenth Appellate District.