The STATE of Ohio, Appellee,

v.

NICHOLS, Appellant.

[Cite as *State v. Nichols* (1996), 116 Ohio App.3d 759.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA02–234.

Decided Dec. 19, 1996.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Susan E. Day*, Assistant Prosecuting Attorney, for appellee.

*W. Joseph Edwards*, for appellant.

---

CLOSE, Judge.

Defendant-appellant, Arnold J. Nichols, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of two counts of aggravated robbery, one count of attempted murder, one count of felonious assault, one count of having a weapon under disability, and related firearm specifications, all stemming from one of two robberies. According to appellant, his convictions are based on improper character evidence and a weak identification made fourteen months after the fact by the victim of the second robbery.

The relevant facts are as follows. On November 28, 1993, two armed robberies took place within thirty minutes of each other and approximately two miles apart. The first robbery occurred on Northglen Drive. Its investigation came under the jurisdiction of the Franklin County Sheriff's Department. The second robbery occurred two miles away, on Dresden Street. In the Dresden Street robbery, the

victim was shot in the neck. Appellant's convictions arose out of this second robbery; consequently, it is the second robbery which is at issue here. The Columbus Police Department investigated this second robbery. Due to similarities in how the two robberies were performed, however, the two investigations were coordinated to some extent.

After interviewing many witnesses, Detective Wittich of the Columbus Police Department showed approximately ninety photographs to David Parker, the Dresden Street gunshot victim. Parker was the only person possible who could identify the robber with any degree of certainty. No identification was made from the ninety photographs, however. In fact, no positive identification was made until after execution of a search warrant in a subsequent, unrelated offense.

In March 1994, a search warrant was issued after a phony twenty dollar bill was given to a pizza delivery man. Appellant and Jesse Bannerman were present in the apartment at the time of the search. Upon searching Bannerman's wallet, the police found the driver's license of the Northglen robbery victim. Due to the fact that appellant and Bannerman were related and that appellant was in the apartment when Bannerman's wallet was seized, appellant's photograph was subsequently shown to the Dresden Street victim, David Parker, who then identified appellant as the robber.

Appellant brings the following six assignments of error:

"Assignment of Error One

"The trial court erred in failing to conduct a Batson hearing to determine whether the prosecutor's race-neutral reasons for having peremptorily challenged African–American prospective jurors were bona fide.

"Assignment of Error Two

"The trial court erred by failing to impanel a new venire or fashion another appropriate remedy where the prosecution exercised all four peremptory challenges to exclude African–American prospective jurors from the panel. Said error deprived appellant of his right to equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution, and Section 2, Article I, of the Ohio Constitution.

"Assignment of Error Three

"Defendant was denied effective assistance of counsel as guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution because counsel failed to timely object to the introduction of inadmissible evidence which was highly damaging and unfairly prejudicial.

"Assignment of Error Four

"Prosecutorial misconduct occurs when the trial prosecutor fails to provide defense counsel with exculpatory evidence, improperly examines witnesses, and comments improperly during closing argument, the sheer accumulation of which denies defendant the right to a fair trial under the state and federal constitutions.

"Assignment of Error Five

"The trial court erred in failing to grant defendant's timely filed motion for a new trial.

"Assignment of Error Six

"The trial court erred by imposing more than one three-year term of actual incarceration under R.C. 2929,71(B) since defendant's conduct was a single transaction."

The third assignment of error is dispositive and will be addressed first. The remaining assignments of error are necessarily rendered moot.

The issue in this trial is relatively simple: Was appellant the robber? Critical to the prosecution's case was David Parker's eyewitness identification of appellant. Although Parker's identification overcame an alibi which would have placed appellant in New York during the relevant time period, the identification testimony was improperly bolstered through hearsay testimony. As a result, appellant's conviction was based largely on motive evidence. After thoroughly reviewing the record, this court concludes that appellant was denied effective assistance of counsel and, as a result, did not receive a fair trial.

We note initially that the investigation of this case is an absolute credit to the detectives involved. The perseverance and dedication exerted over the period of time involved in this case are the finest examples of what police work should be. Unfortunately, the errors raised in appellant's third assignment of error require us to analyze how the information acquired was used at trial.

In his third assignment of error, appellant claims that ineffective assistance of counsel prejudiced his case because counsel failed to object to voluminous testimony regarding his drug addiction, as well as other harmful testimony. A claim of ineffective assistance of counsel requires proof that trial counsel's performance fell below an objective standard of reasonable representation and that appellant was prejudiced as a result. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. "To show that [appellant] has been prejudiced by counsel's deficient performance, [appellant] must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.,* at paragraph three of the syllabus. " ' "[R]easonable probability" is a probability sufficient to undermine confidence in the outcome' " of the trial. *State v. Waddy*

(1992), 63 Ohio St.3d 424, 433, 588 N.E.2d 819, 827, citing *United States v. Bagley* (1985), 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481, 494.

There is a strong presumption that licensed attorneys are competent and that the challenged action is the product of sound trial strategy. *State v. Mullins* (June 25, 1996), Franklin App. No. 96APA01–32, unreported, 1996 WL 362073, citing *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155–156, 524 N.E.2d 476, 478–480. Even debatable trial tactics do not constitute ineffective assistance of trial counsel, for it is obvious that " '[n]othing is seen more clearly than with hindsight.' " *State v. Clayton* (1980), 62 Ohio St.2d 45, 49, 16 O.O.3d 35, 37, 402 N.E.2d 1189, 1192. For this reason, a reviewing court must evaluate trial counsel's performance on the facts of the particular case as of the time of counsel's conduct. *Mullins; Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

"[W]hen an attorney adopts a trial tactic that, under prevailing standards a competent attorney would not reasonably adopt, ineffective assistance of counsel may be found." *Mullins.* The ultimate test, however, is "whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus.

In analyzing appellant's claim of ineffective assistance of counsel, we find it helpful to outline the nature of his case. Stated simply, the determination of appellant's guilt depended in large part on the credibility of the eyewitness identification made more than a year after the crime was committed, versus appellant's alibi, which was, at best, less than airtight. It is clear, from a word-by-word reading of the transcript, that motive was significant to the prosecution's case. In order to adequately establish that motive, the prosecution presented evidence that appellant had a significant record of arrests and that he maintained a one-hundred-dollar-a-day crack cocaine habit. Absent from the record, however, is any evidence that the robberies were, in fact, conducted for the purpose of buying crack cocaine. Further, appellant's record of convictions did not include robbery or any other similar offenses.

Upon review of the record, it is clear to this court that the convictions at issue here were based largely upon evidence of appellant's expensive drug habit and, consequently, upon evidence of his motive to rob. Proof of motive, however, does not establish guilt. *Fabian v. State* (1918), 97 Ohio St. 184, 119 N.E. 410. Motive is a mental state which induces an act; it is a circumstantial fact used to strengthen an inference, drawn from other evidence, that an act was done. *State v. Young* (1966), 7 Ohio App.2d 194, 196, 36 O.O.2d 335, 336, 220 N.E.2d 146, 148. Use of motive evidence in criminal proceedings has been explained as follows:

" 'The proper part that evidence of motive may be made to play, in a criminal trial, is to remove the uncertainty arising from the want of such evidence. Its importance for this purpose is unquestioned; especially, when, as in this case, the State must rely upon circumstantial evidence alone; but it cannot be used as affirmative proof [of the commission of the crime].

" 'Because of the assumption that all responsible human action is voluntary, and is caused and guided by self-interest, the question of motive necessarily forces itself upon the mind in the investigation of every alleged criminal act.

" 'It is only, however, when such act is established by other evidence, that the question of motive can be applied to give corroboration and assurance to the conclusions drawn from other evidential facts.' " *Dayton v. Glisson* (1987), 36 Ohio App.3d 159, 160, 521 N.E.2d 853, 855, quoting *Gawn v. State* (1896), 13 Ohio C.C. 116, 127, 7 Ohio C.D. 19, 25.

■ Motive alone is insufficient to convict. Consequently, the state's identification testimony was critically necessary in order to establish that appellant was the perpetrator of the crimes. The identification, however, was made well over one year after the incident took place. To bolster this identification, the state presented hearsay testimony affirming the identification. Defense counsel failed to object.

The following hearsay testimony was admitted without objection. Detective Wittich testified regarding the substance of his interviews with the Northglen robbery victim, the nurse who treated and spoke with David Parker (the Dresden Street victim), and Parker's family. Additionally, Parker's nurse was permitted to narrate conversations she had had with Parker regarding the robber's identifying characteristics. Testifying immediately after Parker, the nurse's testimony was clearly offered to bolster Parker's identification testimony. Failure to object to this hearsay testimony was highly prejudicial. It allowed an identification made well over a year after the robberies took place to be more convincing.

■ This court has previously held that, where resolution of factual issues turns solely upon the credibility of witnesses, failure to object to hearsay testimony which bolsters the credibility of witnesses constitutes ineffective assistance of counsel. *State v. Minturn* (Dec. 20, 1994), Franklin App. No. 94APA04–532, unreported, 1994 WL 714585. Here, credibility was significant to both appellant's alibi and the state's eyewitness identification.

■ While failure to object to improper bolstering constitutes ineffective assistance of counsel under the facts of this case, we find other errors to be equally egregious. A detective from the Columbus Police Department was allowed to testify to numerous misdemeanor charges against appellant which may or may not have resulted in convictions and which were not relevant to the

charges at hand. The only conceivable purpose for admitting testimony of these prior misdemeanor charges was to show appellant's predisposition to commit the robberies and related offenses here. As such, it was inherently prejudicial. *Columbus v. Corne* (1982), 7 Ohio App.3d 344, 7 OBR 443, 455 N.E.2d 696. The introduction of evidence tending to show the commission of other offenses may be so prejudicial as to justify reversal. Where it is not probative of any other relevant purpose, the evidence of other crimes has the undeniable effect of inciting the jury to convict based on past misconduct. *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199; *State v. Doll* (1970), 24 Ohio St.2d 130, 53 O.O.2d 324, 265 N.E.2d 279. For this reason as well, we find that appellant did not receive a fair trial.

 Additionally, defense counsel did not attempt to minimize or otherwise limit the plenitude of testimony regarding appellant's drug problems. As a result, testimony of appellant's expensive drug habit was admitted throughout the trial and argued in closing. The state's first witness, appellant's parole officer, testified not only to appellant's prior drug convictions and parole violation but also to his test results that showed positive cocaine levels. The drug test was administered five days before the robbery took place. No objection was made, even though the test results were admitted without a proper foundation.

Although admission of the prior drug convictions was appropriate for the purpose of proving the charge of weapons under a disability, admission of these felony convictions did not entitle the state to admit the details of the drug offenses. At a minimum, defense counsel should have requested a limiting instruction that would have prohibited consideration of appellant's drug addiction as substantive evidence of the robberies and attempted murder charges at issue here. *State v. English* (Apr. 30, 1992), Cuyahoga App. No. 60190, unreported, 1992 WL 90151; *State v. Roberts* (1976), 48 Ohio St.2d 221, 2 O.O.3d 399, 358 N.E.2d 530.

Details of appellant's drug conviction should have been severely limited; however, counsel failed to take steps to limit such testimony. As a result, appellant's grand jury testimony was read into the record *in toto*. Trial counsel should have objected, but did not. Nor did counsel request redaction of any portion of the transcript before it was read to the jury. The prejudice was inflammatory because members of the grand jury asked probing questions that focused not on the offenses charged, but on appellant's drug use. The transcript contained numerous questions about appellant's one-hundred-dollar-a-day drug addiction. Many other witnesses testified to appellant's drug problems, including appellant's alibi witnesses during cross-examination.

All of this culminated when appellant's employer was cross-examined concerning drug use in general. The prosecutor asked whether addiction to crack

cocaine causes an "itchy trigger finger." In the face of this inadmissible question, counsel again failed to object.

Evidence of appellant's drug addiction played a key role in tying appellant to the crimes at issue here. This evidence allowed the jury to infer that appellant was a thief and that he must have committed the robberies on this occasion in order to obtain money to support his drug addiction. This requires an impermissible stacking of inferences. *State v. Grant* (1993), 67 Ohio St.3d 465, 478, 620 N.E.2d 50, 65–66, citing *Hurt v. Charles J. Rogers Transp. Co.* (1955), 164 Ohio St. 329, 58 O.O. 122, 130 N.E.2d 820. In order to convict appellant, the jury had to infer from the fact that appellant had an expensive drug habit that appellant was a thief. Based on that inference, the jury then had to infer that appellant stole in this instance. See *State v. Ingram* (Dec. 26, 1991), Summit App. No. 15049, unreported, 1991 WL 284168.

We have no confidence in the correctness of the verdicts where credibility is the determining issue and defense counsel fails to object to impermissible stacking of inferences and improper bolstering of state witnesses. We have, on one hand, an eyewitness whose credibility is enhanced through hearsay testimony and, on the other hand, an alibi whose believability is diminished by testimony about his criminal record, one-hundred-dollar-a-day drug habit, and association with a codefendant.

All in all, we are compelled to find that trial counsel's errors were serious, so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland.* While we acknowledge that hindsight review provides a better perspective for formulating trial strategy, we find the errors were not simply a matter of tactical decision-making. *State v. Clayton* (1980), 62 Ohio St.2d 45, 16 O.O.3d 35, 402 N.E.2d 1189. In accordance with all the above case law, we conclude that these errors were so prejudicial that they deprived appellant of a fair trial. Consequently, we are compelled to reverse.

Appellant's third assignment of error is sustained. The judgment of the trial court is reversed, and this cause is remanded to the trial court for a new trial. Appellant's remaining assignments of error are rendered moot in light of the fact that a new trial is ordered.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and DESHLER, JJ., concur.