OPINION
Defendant-appellant, Virsna Sieng, appeals from a judgment of the Franklin County Common Pleas Court, finding him guilty of aggravated robbery in violation of R.C. 2911.01, aggravated burglary in violation of R.C. 2911.11, kidnapping in violation of 2905.01, and felonious assault in violation of R.C.2903.11. Defendant assigns the following errors:
 I. DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE U.S. CONST. AMEND. VI AND XIV AND OHIO CONST. ART. I. § 10.
 II. DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL UNDER U.S. CONST. AMEND. V AND XIV AND OHIO CONST. ART. I. § 16 AS A RESULT OF THE PROSECUTOR'S IMPROPER CROSS-EXAMINATION OF DEFENDANT-APPELLANT AND HIS WITNESS REGARDING, AND HER CLOSING ARGUMENT DISPARAGING DEFENDANT'S CHARACTER AND HIS LIFESTYLE, AND EVEN HIS IN-COURT DEMEANOR.
 III. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE AND PLAIN ERROR AND DENIED DEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL UNDER U.S. CONST. AMEND. V
AND XIV AND OHIO CONST. ART. I, § 16 WHEN IT OVERRULED THE ONE OBJECTION THAT DEFENSE COUNSEL DID LODGE TO THE PROSECUTOR'S IMPROPER CROSS-EXAMINATION OF DEFENDANT-APPELLANT; WHEN IT FAILED TO INTERVENE SUA SPONTE DURING THE RECEPTION OF HIGHLY PREJUDICIAL, AS WELL AS INCOMPENTENT, IRRELEVANT AND IMMATERIAL, TESTIMONY; AND WHEN IT DID NOT GIVE THE JURY SUA SPONTE
A CAUTIONARY INSTRUCTION REGARDING THE OTHER ACTS TESTIMONY ADMITTED INTO EVIDENCE.
 IV. DEFENDANT-APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED UNDER AUTHORITY GRANTED TO THE COURT OF APPEALS BY OHIO CONST. ART. IV, § 3(B)(3).
Willie Tatum is a convicted drug dealer and, as of the date of trial, was serving time in a federal prison. As of August 25, 1997, he had known defendant for about eight months to a year, because he and defendant engaged in previous drug deals. According to the state's evidence, on August 25, 1997, Tatum and his four children were home. Hearing a noise, Tatum looked to see defendant four or five steps inside his home with a nine-millimeter gun pointed at Tatum's face; another person was behind defendant. Tatum ran out the door. Tatum heard a couple of shots, and ran to a neighbor's house where the neighbor called the police. As Tatum ran back toward his house, he saw defendant, a white man, and a black man leaving his residence, but he saw only defendant with a gun. Tatum's house was ransacked, and a Rolex watch, his wife's wedding ring, and several hundred dollars were stolen. A police officer arrived and completed a report. Tatum identified defendant by name to the police officer as one of the robbers. Tatum then took the police to defendant's residence, where they arrested defendant.
Defendant's first assignment of error contends he was denied his right under the federal and state constitutions to the effective assistance of counsel during his trial. Defendant contends his counsel provided deficient representation due to defense counsel's (1) failure to challenge other acts evidence the prosecution offered to prove the charges, (2) eliciting other acts testimony on cross-examination of the state's witnesses, (3) failure to request a limiting instruction regarding the other acts evidence, (4) eliciting damaging facts during cross-examination of the state's witnesses that had not been brought out during the prosecutor's direct examination of the witnesses, (5) failure to object to the prosecution's cross-examination of defendant and his witness, and to the prosecution's closing argument disparaging defendant's character, his lifestyle, and his in-court demeanor, (6) failure to object to hearsay testimony that tended to bolster the credibility of the state's victim witness, and her eliciting additional hearsay testimony of that nature on cross-examination of the state's witnesses, and (7) failure to effectively challenge the ability of the state's minor child witness to take the oath, and her failure to object to the trial court's statement to the jury that the child did, in fact, understand his duty to tell the truth.
In order to prevail on an ineffective assistance of counsel claim, a defendant must meet the two-prong test enunciated in Strickland v. Washington (1984), 466 U.S. 668. Initially, defendant must show that counsel's performance was deficient. To meet that requirement, defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Defendant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
Next, if defendant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland
test requires defendant to prove prejudice in order to prevail.Id. at 692. To meet that prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable. Id. at 687. See, also, State v.Underdown (1997), 124 Ohio App.3d 675, 679. A defendant meets this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.Id. at 694.
Defendant initially contends trial counsel was deficient in failing to object to the admission of certain "other acts" testimony. Defendant points first to Tatum's claim, asserted for the first time during trial, that Tatum sold fake cocaine to defendant sometime in March of 1997 and for that reason defendant wanted revenge against him and his family.
Generally, under Evid.R. 404(B), evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's criminal propensity to commit the crime in question. However, "other acts" evidence is admissible, if "(1) there is substantial proof that the alleged other acts were committed by the defendant, and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." State v. Bey (1999), 85 Ohio St.3d 487, 490, citingState v. Lowe (1994), 69 Ohio St.3d 527, 530.
The state contends Tatum's testimony regarding the fake drug deal was admissible to prove motive. While defendant seems to concede the evidence is relevant to possible motive, defendant nonetheless maintains that trial counsel had a duty to object because the state lacked substantial proof that the fake drug deal occurred, as the only proof the state submitted was the uncorroborated allegation of a convicted drug dealer, Tatum.
Generally, the weight to be given to the evidence and the credibility of witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Moreover, defendant has failed to point to any authority requiring corroboration. Thus, while the state's only proof of the fake drug deal was not overwhelming and consisted solely of testimony of the perpetrator, the testimony was admissible without corroboration. See State v. Myles (Sept. 18, 1980), Montgomery App. No. CA 6507, unreported (rejecting defendant's argument that similar acts cannot be introduced based solely on uncorroborated testimony of a co-defendant).
Nonetheless, even if the evidence is relevant, it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, or confusion of the issues. State v. Whiteside (Mar. 12, 1996), Franklin App. No. 95APA08-1092, unreported (1996 Opinions 833); see, also, Evid.R. 401 and 403(A). Here, however, evidence of the fake drug deal was admissible under Evid.R. 404(B) to show defendant's motive in committing this crime. Because its probative value outweighed any prejudice to defendant, defense counsel's performance was not deficient for failure to object.
Defendant also challenges defense counsel's failure to object to Tatum's testimony of an extended drug relationship between himself and defendant. The state contends the evidence was admissible to show the victim properly could identify defendant. As noted, under Evid.R. 404(B), evidence of other acts, crimes, or wrongs is admissible to prove, inter alia, identity. State v.Allen (1995), 73 Ohio St.3d 626, 632. If the other acts tend to prove any of the things enumerated in Evid.R. 404(B), evidence of the other acts is admissible. State v. Coleman (1989), 45 Ohio St.3d 298,299. In this case, the identification of defendant as the perpetrator of the crime was at issue, as defendant denied taking part in the crime and Tatum was the only witness to identify defendant. The testimony of a prior drug relationship between Tatum and defendant was relevant to corroborate Tatum's identification of defendant as the man who broke into his home. See State v. McNeill (1998), 83 Ohio St.3d 438, 442 (admitting testimony of defendant's prior drug sales to rehabilitate credibility of identification witness and noting that the "testimony tended to make it more believable that [the witness] spoke truthfully when testifying he previously purchased drugs from [defendant] and therefore recognized him on the evening [in question]").
Although other evidence supported Tatum's identification of defendant, the trial court has discretion to admit or exclude cumulative evidence. State v. Campbell (1994), 69 Ohio St.3d 38,51. Here, the trial court did not abuse its discretion; we find no error in the trial court's admitting the testimony and no ineffective assistance in defense counsel's failing to object to the evidence.
Even though the evidence regarding defendant's past drug relationship with Tatum was properly admitted, defendant challenges trial counsel's failure to request a limiting instruction regarding the identification testimony. The state responds by suggesting a decision not to request a limiting instruction is sometimes a tactical one and in this case a limiting instruction was not necessary.
"Where evidence has been admitted for a limited purpose * * * the jury should be instructed that such evidence must not be considered by them as any proof whatsoever that the accused did any act alleged in the indictment." State v. Flonnory (1992),31 Ohio St.2d 124, 129. Accordingly, at a minimum, trial counsel should have requested a limiting instruction advising the jury not to consider the evidence of past drug dealings in determining whether defendant committed any act alleged in the indictment.Id.; see, also, State v. Nichols (1996), 116 Ohio App.3d 759.
While the state suggests trial counsel's failure to object was tactical, it does not set forth a reasonable strategy supporting the failure to request a limiting instruction, other than to suggest it was unnecessary. While in some instances counsel may refrain from requesting a limiting instruction in order to avoid drawing additional attention to the other acts, here that cannot have been defense counsel's rationale, as defendant's trial counsel elicited many details of the drug relationship in cross-examining Tatum. Trial counsel's failure to request a limiting instruction was deficient. Id. Moreover, the lack of a limiting instruction alone arguably was prejudicial due to the nature of the other acts evidence at issue and the significant role credibility played in the case.
Defendant next contends defense counsel was ineffective in eliciting prejudicial details of the drug relationship between defendant and Tatum that were not brought out on direct examination. Tatum testified in direct examination that he and defendant engaged in ten to twenty drug deals. In cross-examining Tatum, defense counsel reiterated Tatum's earlier testimony that he and defendant met at least once a week over the term of eight months, and concluded that at a minimum thirty-two drug deals would have occurred between the two parties. While apparently attempting to impeach Tatum's prior testimony, trial counsel in effect portrayed defendant in an even worse light for the jury.
Trial counsel proceeded in cross-examining Tatum to bring out even more testimony damaging to defendant by eliciting testimony from Tatum concerning defendant's purchasing habits, the method for setting up their meetings, and the location of their meeting places. She asked how defendant brought the money to consummate the drug deal and in what kind of bag, and who else was involved in the drug deals. Perhaps even more prejudicial to defendant, she elicited testimony sometimes viewed as stereotypical characteristics of a drug dealer, including Tatum's testimony that defendant was a flashy dresser with nice cars, gold jewelry, a gold tooth, and diamonds. Tatum further added that defendant did not usually dress as he appeared in the courtroom, suggesting defendant's appearance was a "front."
Defense counsel had no legitimate reason for educating the jury on those details. State v. Dotson (Apr. 28, 1992), Franklin App. No. 91AP-999, unreported (1992 Opinions 1706). Whatever was defense counsel's strategy, the effect was to expose more details of defendant's drug dealings and related lifestyle. Defense counsel's conduct was inadequate representation and arguably prejudicial to defendant. See Nichols, supra.
Defendant also contends that trial counsel was deficient for failing to object to hearsay testimony that bolstered Tatum's testimony. Where resolution of factual issues turns solely upon the credibility of witnesses, failure to object to hearsay testimony which bolsters the credibility of witnesses constitutes ineffective assistance of counsel. Id., citing State v. Minturn
(Dec. 20, 1994), Franklin App. No. 94AP-532, unreported (1994 Opinions 5873) (finding deficient assistance but finding no prejudice under the facts in failing to object to hearsay testimony that bolstered witness' testimony).
Tatum was the only witness to identify defendant as the person who broke into his house; defendant denied any involvement in the crime. Therefore, Tatum's credibility was important to the prosecutor's case. Nonetheless, defense counsel failed to object to many instances of improper hearsay testimony that supported Tatum's version of the events that night. For example, defendant was allowed to repeat that the police who were at the scene told him they had other sightings of a car driving away from Tatum's house that were similar to Tatum's description, and that other people in the neighborhood gave the same story that he gave that night. Defense counsel's failure to object to this testimony fell below the acceptable standard of representation and was deficient.Strickland, supra; Minturn, supra.
Defendant's next contention under the first assignment of error is interrelated with his second assignment of error, and thus they will be addressed together. Defendant contends in his second assignment of error that defense counsel's failure to object to character evidence the state elicited from witnesses unduly prejudiced his right to a fair trial. With that allegation, defendant challenges both trial counsel's deficient behavior, as well as the prosecution's conduct during cross-examination and in closing argument.
Generally, evidence of a character trait of the accused is not admissible unless the defendant first opens the door to such character evidence. Evid.R. 401(A)(1); State v. Banks (June 3, 1993), Franklin App. No. 92AP-859, unreported (1993 Opinions 2154). Here, defendant's mother, in direct examination by defense counsel, testified that defendant at one time attended high school, that he resides with his girlfriend and their two children, and that his current job is selling Equinox products. Such background information did not put the defendant's character in issue. Although defense counsel opened the door to questioning concerning the defendant's job, the prosecution arguably surpassed the limits of proper cross-examination, devoting almost all questions to probing into defendant's character regarding his work habits and his living off his family and girlfriend. State v.Cochrane (1949), 151 Ohio St. 128, 133.
Moreover, in discussing the testimony of defendant's mother, the prosecution in closing argument stated: "I think this is her only son, even though he seems to be the only nonproductive member of a very hard-working family. He seems to be the only one that decides to drop out of school and do nothing and live off other people * * *." (Tr. 260-261.) In an attempt to undermine the testimony of defendant's mother, the prosecution argued that defendant's mother was not home to know if her son had been home all day. Noting normal errands might take one out of the house, the prosecution argued that "leaves Mr. Sieng himself as a witness, and not only from what he was on the stand, but also from the way he's been sitting over there through the entire trial, totally bored, just waiting for it to be over. Impressions only. You make your own. Now here's a person who says that he's bored with 40-hour-a-week jobs, that's what those are, dull, just go out and work for myself, drop out of school, tenth grade, don't finish my G.E.D. because that's probably boring, too, and then, well, he's working at this job where he puts 3,000 in — didn't ask where he got the $3,000—into merchandise that he is supposed to be out selling with a tenth grade education. He's been trained to sell $1,000 units to these families, goes door-to-door and sells all this stuff and makes this money and pays his family maybe a pittance, probably from the girlfriend's salary, who actually has a real job, but his big thing `I am so concerned about my child that I didn't want anybody else to watch it.'" (Tr. 261-262.)
In the rebuttal of closing argument, the prosecution further argued: "If you want to say its [sic] cultural that he's a lazy bum, okay, I don't know if that's true or not. Nobody knows if that's true or not. I am saying he is the only one out of the family who isn't a hard-working, proactive individual, evidently, and the only one that tells you these big plans of his to sell stuff he doesn't care if he makes any money for or not. Do you want to buy that? You buy whatever you want to. However, the state would submit that Willie Tatum is believable. Wuan Tatum is believable. Robin Harris is believable." (Tr. 280-281.)
"The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. To begin with, the prosecution must avoid insinuations and assertions which are calculated to mislead the jury. It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. Moreover, the code provides that an attorney is not to allude to matters which will not be supported by admissible evidence * * *." (Citations omitted.) State v. Smith (1984),14 Ohio St.3d 13, 14. See, also, State v. Lott (1990), 51 Ohio St.3d 160,165. Smith recognized that improper insinuations and assertions of personal knowledge by the prosecution are likely to carry great weight against the accused, when in fact, they should carry none. Smith, supra, at 15, citing Berger v. United States
(1935), 295 U.S. 78, 88.
Here, the prosecutor's closing argument, combined with the cross-examination of defendant, exceeded the bounds of proper conduct and bordered on full-scale assault of defendant's character. State v. Hudson (1993), 86 Ohio App.3d 113, 116-117
(finding closing argument improper when, among other things, prosecutor discussed defendant's bad character and drug associations). In response, the state contends the "lifestyle" questions and arguments were relevant to show defendant was a drug dealer, which in turn provided the motive for the crimes at issue.
Proof of motive, however, does not establish guilt.Nichols, supra, at 764. Moreover, proof of defendant being a drug dealer did not prove motive. Proof of motive was introduced by the state when Tatum testified to the fake drug deal. The fact that defendant was involved with Tatum in prior drug sales was admissible to prove defendant's identity but did not prove defendant's motive. One bad drug deal could demonstrate motive to commit the present crime; however, other successful drug deals would not tend to demonstrate a motive to steal from or harm Tatum.
Further, the detailed facts of defendant's drug lifestyle and the intricacies of his drug relationship with Tatum do not prove identity or motive. Rather, they show defendant's bad character, apparently in an attempt to show defendant deserved no more credibility than the state's primary witness, himself a convicted drug dealer. The closing argument focusing on defendant's lifestyle and bad character was improper, as the prosecution may not properly encourage the jury in closing argument to convict a defendant on the basis of his bad character.State v. Smith (1998), 130 Ohio App.3d 360, 369-370, citingHudson, supra. Defense counsel was deficient in failing to object.
In the final analysis, defense counsel was deficient in several ways. While each of those alone may not rise to the level of prejudice necessary to find ineffective assistance of counsel, collectively they served to deprive defendant of a fair trial. State v. DeMarco (1987), 31 Ohio St.3d 191, 196 (finding prejudice due to cumulative effect of errors). Given the improper bolstering of Tatum's testimony and the character attacks on defendant, defendant has shown by a reasonable probability that the results of the proceeding would have been different but for counsel's unprofessional errors. Strickland, supra. Accordingly, defendant's first and second assignments of error are sustained to the extent indicated, rendering the remaining assignments of error moot. App.R. 12(A).
Having sustained defendant's first and second assignments of error to the extent indicated, rendering his third and fourth assignments of error moot, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BOWMAN and PETREE, JJ., concur.