[Cite as *State v. Smith*, 2011-Ohio-2886.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     25518 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARRION W. SMITH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 09 12 3718 |

## DECISION AND JOURNAL ENTRY

Dated: June 15, 2011

---

WHITMORE, Judge.

{¶1}    Defendant-Appellant, Darrion Smith, appeals from his convictions in the Summit Country Court of Common Pleas.  This Court affirms.

I

{¶2}    On December 11, 2009, several Akron Police Officers responded to Vertigo Niteclub on South Main Street in Akron because a fight had broken out there.  While removing an injured patron from the club, the officers heard gunshots fired in an adjacent parking lot.  The officers ran toward the parking lot where they saw a crowd.  Two to three individuals broke from the crowd and ran in opposite directions upon the officers' arrival.  The officers began chasing the fleeing individuals on foot after people in the crowd pointed and indicated "[t]hat's them running."  Smith was later identified as one of the individuals who ran.

{¶3}    Officer Drew Reed chased Smith to a vehicle while repeatedly identifying himself as a police officer and ordering Smith to stop.  Smith jumped into the vehicle, locked it, and

began fumbling with his keys as Officer Reed arrived. Officer Reed banged on the window and told Smith to raise his hands, but Smith started the vehicle and rapidly backed out of the parking space. Officer Reed attempted to run alongside the vehicle's driver-side door, but slipped on a patch of ice and fell, sliding partially beneath the vehicle. Smith shifted the vehicle from reverse to drive and attempted to accelerate too quickly, causing the wheels to spin and giving Officer Reed sufficient time to extricate himself from underneath the vehicle. Smith then fled the parking lot in his vehicle, causing another officer to jump out of the way to avoid being struck. The officers observed Smith drive through several red lights and head north. They were able to give dispatch a partial license plate as well as a vehicle description. An officer from the Stow Police Department stopped Smith on Route 8 shortly thereafter, based on the vehicle description he heard over the radio.

{¶4}    On December 28, 2009, a grand jury indicted Smith on the following counts: (1) failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B); (2) obstructing official business, in violation of R.C. 2921.31(B); and (3) reckless operation, in violation of R.C. 4511.20. The State tried the failure to comply and obstructing charges to the jury, who found Smith guilty of both counts. The court later found Smith guilty of reckless operation, a minor misdemeanor for which he was not entitled to a jury. The trial court sentenced Smith to a total of three years in prison.

{¶5}    Smith now appeals from his convictions and raises three assignments of error for our review.

II

Assignment of Error Number One

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING MR. SMITH'S MOTION FOR A MISTRIAL DUE TO PROSECUTORIAL MISCONDUCT AND THE STATE'S FAILURE TO TURN OVER DISCOVERY MATERIALS."

{¶6} In his first assignment of error, Smith argues that the court erred by refusing to grant his motion for a mistrial. Specifically, Smith argues that the prosecutor violated his substantial rights by failing to disclose certain discovery materials in a timely manner. We disagree.

{¶7} "Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin* (1991), 62 Ohio St.3d 118, 127. "The essential inquiry on a motion for mistrial is whether the substantial rights of the accused are adversely affected. Great deference is afforded to a trial court's decision regarding a motion for mistrial. Accordingly, this Court reviews the denial of a motion for mistrial for an abuse of discretion." (Internal citations, alterations, and quotations omitted.) *State v. Howes*, 9th Dist. No. 24665, 2010-Ohio-421, at ¶11. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶8} In delivering his opening statement at trial, the prosecutor theorized that Smith's motivation for running from the police on the night in question was that he was the person who fired the three gunshots the officers heard. Smith moved for a mistrial after the State finished questioning its first witness, Officer Reed, on direct examination. Officer Reed testified that he chased Smith from the parking lot and that at least one other individual ran in a different direction than Smith. After asking Officer Reed to recount the entire experience with Smith, the

prosecutor then asked him where the other two responding officers were during the incident. Officer Reed testified that Officer Daniel Marks was with him and the third officer, Officer Tito Corral, had chased another individual from the scene. Officer Reed briefly testified that Officer Corral had to fire his gun after the person he had been chasing got into a vehicle and almost struck him while fleeing. Officer Reed knew that the police were later able to stop the vehicle that almost struck Officer Corral, but did not have any further details. Defense counsel requested a sidebar after Officer Reed's testimony on direct.

{¶9} Defense counsel sought a mistrial on the basis that he was unaware there had been more than one individual who fled the scene or that another officer had discharged his firearm during the encounter. Because Officer Corral would have had to create an incident report after discharging his firearm, defense counsel argued, there was presumably a report that was not a part of the file he reviewed. Moreover, because the State's theory was that Smith ran from the police as a result of having fired a gun at the scene, defense counsel reasoned, any evidence that another person might have been responsible for firing a gun was material. The prosecutor indicated that he was not aware of any additional report, but agreed to check if such a report existed and, if so, to provide it to defense counsel.

{¶10} The prosecutor eventually was able to determine that there was an incident report from Officer Corral as well as a surveillance tape from the parking lot that were not a part of Smith's file because they were filed as part of a use of force investigation arising from Officer Corral's use of his firearm. Defense counsel obtained both the report and the surveillance footage during the proceedings, neither of which proved to be exculpatory in nature. Moreover, the prosecutor noted that, upon further review of Smith's file, he discovered that a report Officer Marks completed about this incident identified, by name, another suspect apart from Smith. That

person was prosecuted in a separate criminal case after the police found a firearm in his parked vehicle on the night in question. Accordingly, Smith's file did contain information about another suspect.

{¶11} On appeal, Smith argues that the State prejudiced his substantial rights by withholding materials that would have allowed him to adequately prepare a defense. Smith avers that, had he known the police had contact with other suspects at the time of his encounter with Officer Reed, he could have subpoenaed witnesses to testify that one of the other suspects was the shooter. Smith's argument overlooks the fact, however, that there was evidence in the file about at least one other additional suspect. Officer Marks' report referenced that person by name and was part of Smith's file all along. Officer Corral's report and the parking lot surveillance footage merely corroborated the fact that the police encountered more than one suspect on the night in question.

{¶12} More importantly, the issue of who fired the gunshots on the night of this incident was tangential to the charges at trial. Neither Smith's failure to comply charge, nor his obstruction charge, required the State to prove that Smith fired a gun. See R.C. 2921.331; R.C. 2921.31. The State's sole purpose in claiming that Smith was the shooter was to provide a motive on his part for his having fled from Officer Reed. "Proof of motive[, however,] does not establish guilt." *State v. Rohr-George*, 9th Dist. No. 23019, 2007-Ohio-1264, at ¶25, quoting *State v. Nichols* (1996), 116 Ohio App.3d 759, 764. Even if Smith was not the actual shooter, the record reflects that the police had reasonable suspicion to detain him, as they heard shots fired in the area Smith had been standing, saw him flee, and heard one or more members of the surrounding crowd exclaim "[t]hat's them running." See, generally, *State v. Mills*, 9th Dist. Nos. 02CA0037-M & 02CA0038-M, 2002-Ohio-7323, at ¶13-15 (upholding investigatory stop based

on "unprovoked flight combined with other suspicious behavior"). There is no dispute that Smith evaded detention by ignoring several commands from the police and by almost striking Officers Reed and Marks with his vehicle while fleeing the scene. We do not agree that additional evidence with regard to whether Smith was the actual shooter would have aided him in defending against the charges of failure to comply and obstructing official business. Consequently, the trial court did not abuse its discretion by refusing to grant a mistrial. Smith's first assignment of error is overruled.

Assignment of Error Number Two

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING A STATE WITNESS TO TESTIFY THAT MR. SMITH HAD GUNSHOT RESIDUE ON HIS HANDS BECAUSE THAT TESTIMONY WAS IRRELEVANT TO MR. SMITH'S CHARGES."

{¶13} In his second assignment of error, Smith argues that the trial court abused its discretion by admitting the testimony of Martin Lewis, a forensic scientist from the Bureau of Criminal Identification and Investigation ("BCI"), because Lewis' testimony was irrelevant. We disagree.

{¶14} An appellate court applies an abuse of discretion standard when reviewing a trial court's decision to admit evidence over an objection that it is irrelevant. *State v. Turner*, 9th Dist. No. 24709, 2009-Ohio-6613, at ¶12-19. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore*, 5 Ohio St.3d at 219.

{¶15} At trial, Lewis testified that the gunshot residue swab samples the police took from Smith's left hand on the night in question tested positive for the presence of gunshot residue. The State pointed to Lewis' testimony as evidence that Smith actually fired the shots the police heard when they exited Vertigo Niteclub. As previously noted, the issue of whether Smith was the actual shooter on the night in question was tangential to the ultimate issue of

whether he failed to comply and obstructed justice. Even so, we cannot conclude that Lewis' testimony was wholly irrelevant. While motive does not establish guilt, it is corroborative in nature and "may be used to strengthen an inference that a criminal act was committed[.]" *Rohr-George* at ¶25. Proof that Smith fired the gunshots on the night in question would, at the very least, have the tendency to make it more probable than not that Smith was running from Officer Reed to purposely hamper or impede his investigation, rather than for some other reason. See Evid.R. 401 (defining relevancy). Consequently, Smith's argument that the court abused its discretion by admitting the testimony lacks merit.

{¶16} Smith also briefly argues that the court abused its discretion by admitting Lewis' testimony because it was substantially more prejudicial than probative. Apart from the fact that Smith's captioned assignment of error does not address this issue, see *State v. Miller*, 9th Dist. No. 25200, 2010-Ohio-3580, at ¶7, the sole basis for Smith's objection to Lewis' testimony at trial was that the testimony was irrelevant. Because Smith did not object to the testimony on Evid.R. 403 grounds at trial and has not argued plain error on appeal, this Court will not address his additional argument. *State v. Maple*, 9th Dist. No. 25331, 2011-Ohio-1516, at ¶22-23. Smith's second assignment of error is overruled.

Assignment of Error Number Three

> "THE TRIAL COURT'S SENTENCING JOURNAL ENTRY IS DEFECTIVE BECAUSE IT FAILED TO LIST A SPECIFIC TERM OF POSTRELEASE CONTROL ON EACH COUNT THAT REQUIRED POSTRELEASE CONTROL."

{¶17} In his third assignment of error, Smith argues that his sentencing entry is defective because it does not list a period of post-release control for each term he received. Specifically, it only sets forth a post-release control term for his third-degree felony conviction, the most serious crime of which he was convicted.

**{¶18}** This Court has previously held that "[w]hen a trial court imposes sentences for multiple convictions, the trial court's imposition of one term of post[-]release control is proper." *State v. Kracker*, 9th Dist. No. 25315, 2010-Ohio-5329, at ¶6, citing R.C. 2967.28(F)(4)(c). Therefore, the trial court did not err by imposing one term of post-release control for Smith's third-degree felony conviction. Smith's third assignment of error is overruled.

### III

**{¶19}** Smith's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
<u>CONCURS</u>

CARR, P. J.
<u>CONCURS IN JUDGMENT ONLY, SAYING:</u>

{¶20} I concur in judgment as to the first assignment of error. Upon his objection to the undisclosed evidence, Mr. Smith was given a brief continuance in order to review the evidence and offer any additional evidence he might have desired. After the continuance, Mr. Smith did not offer any new evidence and did not object further. Since he was given time to review the evidence and an opportunity to respond at trial to this evidence, I would overrule the assignment of error on that basis.

<u>APPEARANCES:</u>

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.